UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARTHA KATHLEEN HALEY, )
)
)
Plaintiff )
)
vs. ) Case No. 4:01cv27-WS
)
)
APPLEJAM, INC., and SOUTHTRUST )
BANK, N.A., as Trustee under Trust )
Agreement dated October 1, 1985 )
and known as Trust No. 0009 )
)
Defendant. )
_____ )

### ***FIRST AMENDED COMPLAINT AND INJUNCTIVE RELIEF SOUGHT***

Plaintiff, Martha Kathleen Haley, brings this complaint against Defendants, and states:

### I. INTRODUCTION

1. This action is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §12181. (Title III, Public Accommodations) and Florida Statutes 413.08, 760.07 and 760.11.

2. Plaintiff asserts that Defendants discriminated against her based on her disability.

3. Plaintiff seeks declaratory and injunctive relief for the Defendants' violation of her rights under the ADA.





18

4. Defendants have failed and are failing to remove architectural barriers, which make Defendant Applejam's restaurant, Applebee's Neighborhood Grill & Bar Restaurant (Applebee's Restaurant), inaccessible to persons who use wheelchairs.

## II.  JURISDICTION

5. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 2201-2202. This court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. 1367.

## III.  PARTIES

6. Plaintiff, Martha Kathleen Haley, is a resident of Wakulla County, Florida and is employed in Leon County, Florida.

7. Ms. Haley is disabled as defined by the ADA.  42 U.S.C. §12102 (2).

8. Ms. Haley has a mobility impairment.  She uses a wheelchair.

9. Ms. Haley has a driver's license and she drives a van equipped with a wheelchair lift.

10. Ms. Haley desires to enter Applebee's Bar and Restaurant located in Village Parkway, 1170 Apalachee Parkway, Tallahassee, Florida. This restaurant is open for the general public.

11. Defendant, Applejam Inc., is a Florida corporation and owns the Applebee's Bar and Restaurant located at 1170 Apalachee Parkway.

12. Defendant, SouthTrust Bank, N.A., a National Bank, headquartered in Alabama, doing business in Florida, is the Trustee under Trust Agreement dated October 1, 1985 and known as Trust No. 0009, owns the Parkway Village parking lot and sidewalk which parking area includes the parking area for Applebee's Restaurant.

## IV. FACTS

13. Applebee's Restaurant is a public accommodation. It provides food services and alcoholic beverages.

14. Applebee's Restaurant has a parking area directly in front of the main entrance of the restaurant in the Village Parkway parking lot. The parking area for Applebee's Restaurant is completely reserved for the restaurant's customers with approximately 42 parking spaces.

15. There are approximately 42 parking spaces in the Applebee's parking area with signs that read: "Parking for Applebees Only. All others will be towed." See Exhibit A.

### A. Applebee's Single Handicapped Parking Space

16. In its reserved parking area, Applebee's Restaurant has a single designated handicap parking space. This space is reserved for customers of Applebee's restaurant. This space has a low concrete tire stopper which reads: "Applebees Guest". See Exhibit B.

17. This space does not comply with ADA standards because:

   1) It is approximately 128 inches wide and is not wide enough for a van with a handicap lift nor is it wide enough to qualify as a car handicapped parking space.

   2) This handicap space lacks an adjacent access aisle for embarking and disembarking.

   3) Applebee's Restaurant lacks a wheelchair ramp from its reserved parking area to the entrance of the restaurant. There is approximately a 10 inch high curb from the parking lot to the sidewalk adjacent to Applebee's Restaurant.

   4) Applebee's Restaurant has no handicap van parking space available for its customers.

   5) Applebee's Restaurant lacks directional signage to any van handicap parking spaces.

   6) Applebee's Restaurant lack signage for handicap van parking.

18. Applebee's Restaurant is a free-standing restaurant. It is not attached or structurally part of the building that houses Knowles Video, Inc., CopySmith and the offices of the Florida Division of Administrative Hearings (DOAH). The parking lot for these stores and offices is adjacent to Defendant's restaurant parking lot.

19. DOAH has 130 parking spaces, Knowles Video has approximately 10 reserved spaces, and CopySmith has approximately 10 reserved parking spaces. The vast majority of the parking spaces in the parking lot are reserved for specific businesses and offices.

20. Applebee's Restaurant customers are not authorized to park at the other business' reserved parking places.

### B. Knowles Video Single Handicap Space

21. Outside of the Applebee's reserved parking area, the closest handicap parking place to Applebee's Restaurant is in front of Knowles Video, Inc., at the adjacent building. This handicapped parking space is next Knowles Video, Inc. parking spaces and next to a large sign which states, "24HOUR TOW AWAY ZONE ILLEGALLY PARKED AND UNAUTHORIZED VEHICLES WILL BE TOWED AT OWNERS EXPENSE." See Exhibit C.

22. A prudent consumer would understand that only customers of the Knowles Video, Inc., are supposed to park in front of the shop.

23. This handicap parking space does not comply with ADA standards because:

   1) it lacks an aisle for embarking and disembarking.

   2) it has an inadequate ramp within the parking space such that if one parks a van in the handicap space one's vehicle blocks the ramp.

5

    3) the sides of the ramp in this parking space are dangerously steep.

    4) this parking space is approximately 145 inches wide and is not wide enough for a van with a wheelchair lift nor is it wide enough for a handicap car space.

### DOAH Handicap Parking Spaces

24. The Florida Division of Administrative Hearings (DOAH) has four handicap parking spaces in its reserved parking area.

25. In relation to Applebee's Restaurant, these four spaces are at the opposite end of the Parkway Village parking lot, over 300 feet from the entrance of Applebee's Restaurant. These four handicapped parking are not in close proximity to Applebee's Restaurant.

26. These spaces do not comply with the ADA because:

    1) Three of the DOAH handicap spaces are neither wide enough for a van with a lift nor wide enough to qualify as a handicap car space.

    2) One of the DOAH handicap spaces has a ramp in the middle of it, such that if one parked one's car in the DOAH handicap parking space it would block the ramp.

    3) There are two handicap ramps in the DOAH reserved parking area. Both ramps have dangerous drop-offs or sides, one ramp has a 90 degree drop off.

4) All four of the DOAH handicap parking spaces lack signage for van handicap parking.

5) The path of travel from two of the DOAH handicap parking spaces to the main entrance to Applebee's Restaurant is a sidewalk which passes by approximately 23 parking spaces, DOAH, CopySmith, and Knowles Video, Inc.

6) The sidewalk is not in compliance with the ADA because it has steep inclines and lacks handicap railings.

7) At several places, access to the sidewalk by persons with wheelchairs can be blocked by the protruding of parked cars over the sidewalk because of the lack of tirestoppers.

8) All four handicapped parking spaces would appear to a reasonable consumer to be reserved for DOAH visitors or employees.

27. On or about May 5, 2000, Defendant SouthTrust Bank completed major renovations of the DOAH facilities including parking spaces. This Defendant renovated the DOAH facility by adding 10,000 square feet of office space to the DOAH facility and by renovating the DOAH parking area.

28. Defendant Applejam may alter its facilities with the consent of Defendant SouthTrust Bank in order to comply with the ADA. It is the practice of Defendant SouthTrust Bank not to capriciously withhold its consent to the any such alteration.

29. The Defendant Applejam believes that these DOAH handicap parking spaces are available for its customers and that its disabled customers who use vans should park in the DOAH handicap spaces.

30. Plaintiff has experienced extreme emotional distress because of the above architectural barriers.

31. Exhibits A, B, & C are true and accurate representations of the condition of Defendants' public facilities at the time of the filing of this case.

32. On or about November, 2000, Plaintiff went to Applebees Restaurant and was not able to access the restaurant because Defendants' facilities are not in compliance with the ADA..

## V.  COUNT I:  ADA-EXISTING FACILITIES

33. Plaintiff re-alleges paragraphs 1-32.

34. Defendants injured Plaintiff in violation of Title III of the ADA by committing the following practices:

> A. Failing to remove architectural barriers in violation of 42 U.S.C. § 12182 (b)(2)(A)(iv).  In specific, Defendant failed to provide sufficient handicap parking places, handicap aisles, adequate handicap parking signage and an adequate handicap ramp.
>
> B. Depriving Plaintiff of the full use and equal enjoyment of the services, facilities, privileges, advantages, and accommodations in its place of public accommodation, in violation of 42 U.S.C. § 12182(a).

35. The ADA specifically defines discrimination in existing facilities as "a failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. 12182 (b)(2)(A)(iv).

36. Removing the architectural barriers in this case are "readily achievable."

## COUNT III: ALTERATION

36. Plaintiff realleges paragraphs 1-35.

37. Defendants have violated 28 CFR 36.402 and 28 CFR 36.403.

38. 28 CFR 36.402 requires that renovations of facilities be, "readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs."

39. Also 28 CFR 36.403 requires, "the path of travel to the altered area . . . are readily accessible to and usable by individuals with disabilities including individuals with wheelchairs unless the cost and scope of such alterations is disproportionate to the cost of the overrall alteration."

40. The DOAH renovated handicapped parking spaces are not readily accessible to Applebee's Restaurant customers and the path of travel from the altered DOAH parking lot to Applebee's Restaurant is not readily accessible.

## COUNT III: VIOLATION OF FLORIDA STATUTES SECTIONS 413.08, 760.07 and 760.11

41. Plaintiff repeats and alleges paragraphs 1-40.

42. The Florida Civil Rights Act, Fla. Stat. Section 760.07 provides:

> Any violation of any Florida statute making unlawful discrimination because of ... ...handicap... in the areas of accommodations gives rise to a cause of action for all relief and damages described in Section 760.11(5)."

43. Section 413.08 provides: "The ... physically disabled are entitled to full and equal accommodations, advantages, facilities, and privileges... at... places of public accommodation..."

44. By failing to provide "full and equal accommodation", the Defendant violated Section 413.08(1)(a).

45. Plaintiff is entitled to compensatory damages, damages for mental anguish, loss of dignity and other intangible injuries.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court:

1. Enter judgment declaring that Defendants have violated the Americans with Disabilities Act and order Defendants to cease violating the Americans with Disabilities Act.
2. Enter judgment for appropriate injunctive relief. In specific:
   (a) Order Defendants to make Applebee's Restaurant accessible to persons with disabilities.
   (b) Order Defendants to modify all of its handicapped parking spaces and sidewalks to comply with the ADA.
3. Award monetary damages.

4. Award Plaintiff her costs and reasonable attorneys' fees.

5. Grant such other and further relief as the Court deems just and proper.

Paolo Annino, Esq.  
Florida Bar No. 379166  
1342 Timberlane Road  
Suite 102-A  
Tallahassee, Fl. 32312-1775  
(850) 894-3022  
fax (850) 894-1620  
Attorney for Plaintiff

Wilson Jerry Foster, Esq.  
Florida Bar No. 0121894  
1342 Timberlane Road  
Suite 102-A  
Tallahassee, FL 32312-1775  
(850) 894-3022  
fax (850) 894-1620  
Attorney for Plaintiff

### Certificate of Service

I hereby certify that I have served a copy of this document, and exhibits, by hand delivery, on Michael P. Bist, Esq., 1300 Thomaswood Drive, Tallahassee, FL 32312, on this the 4th day of May, 2001.

Wilson Jerry Foster, Esq.

11



**Exhibit "A"**



# Exhibit "B"



Exhibit "C"